In three proceedings in the nature of writs of error, coram nobis, defendant appeals from three orders of the County Court, Kings County, each dated December 21, 1949, which denied motions to vacate judgments of that court convicting defendant in 1921 of the crime of attempted grand larceny, second degree, in 1922 of the crime of attempted burglary, third degree, and in 1925 of possession of burglar’s instruments, as a felony. In each case the motion was supported by an affidavit by appellant in which he stated that on the date of each judgment he was “convicted and sentenced for the alleged crime” and “That he alleges that the Court at that time failed to observe, and carry out the commands of See. 308, Code of Criminal Procedure.” The motions were opposed by the District Attorney of Kings County, and the record discloses that counsel was assigned to represent appellant on each motion. When the motions came on to be heard, no witnesses were called to testify, but on each motion the County Judge examined and made part of the proceedings *992 before him the papers presented, the testimony taken and exhibits introduced in a previous proceeding for the same relief, before another judge of the same court in 1946. Nq objection appears to have been made to this procedure, and on motion by appellant in May, 1950, this court permitted him to make the minutes of such previous hearing a part of his record on this appeal, and to file copies thereof. The minutes so filed disclose that it is appellant’s contention that on each occasion when he was arraigned for pleading to the indictment upon which he was convicted, he was without counsel, that he was not asked if he desired the aid of counsel, and that counsel be assigned to assist him. The orders are affirmed. Not only are the judgments of conviction supported by a strong presumption of regularity .{People ex rel. Kruger v. Hunt, 257 App. Div. 917; People v. Barber, 276 App. Div. 1Ó40; People v. Bichetti, 276 App. Div. 1091; People v. Varelli, 277 App. Div. 887) but the evidence adduced on the previous hearing, including the District Attorney’s trial sheets and probation records received in evidence, are sufficient to support the finding by the learned County Judge that appellant was not deprived of his constitutional or statutory rights on any of the occasions as to which complaint is made. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.